BENJAMIN L. T. BOURLAND, Plaintiff in Error, *v.* WILLIAM SICKLES *et al.,* Defendants in Error.

#### ERROR TO PEORIA.

A party amending a pleading should indicate the precise part of it amended and the place of its application, and not leave to the court to decide where the amendment should or should not be inserted.

A party suing upon a mutual and dependent covenant for a breach of it, must aver an offer to perform, or his declaration will be obnoxious to a demurrer.

ON the 30th of September, A. D. 1852, the plaintiff contracted to sell the defendants the north-east quarter of Section twenty-nine (29) in Township twelve (12) north, Range eight east, in Marshall county, Illinois, and to make a quit-claim deed

for the same, upon the payment of the sum of two hundred dollars, as follows: fifty dollars on January 1st, 1853, and fifty dollars on the first day of January, A. D. 1854, 1855 and 1856, with interest. The contract contained the condition relating to the execution of the deed, copied into the opinion of the court.

, On the 13th day of March, 1858, and before the commencement of the suit, the plaintiff tendered the defendants a deed for the land of the character, and containing the covenants in the contract mentioned, and demanded the purchase money and interest due by the terms of the contract. Defendants refused to accept the deed or pay the money.

The declaration sets out the contract, and avers the tender of the deed, and demand of the money as before stated.

The defendants demurred to the declaration; the court sustained the demurrer, and the plaintiff abiding by the decision of the court on the demurrer, judgment was rendered for the defendants.

The only error assigned is, the decision of the court on the demurrer to the declaration.

N. H. PURPLE, for Plaintiff in Error.

M. WEED, for Defendants in Error.

WALKER, J. This was an action of debt on an agreement for the sale of land, instituted by plaintiff against defendants in error. A demurrer was interposed and sustained, to the declaration as it was originally filed. Leave to amend was obtained, which was made on a separate piece of paper, in no way indicating the place in the original declaration, at which it was designed that the amendment should be inserted. The defendants filed a demurrer, which was likewise sustained, and the plaintiff abided by his declaration, and the court thereupon rendered judgment for costs against plaintiff, to reverse which he prosecutes this writ of error.

If the declaration, as it was at first filed, was obnoxious to a demurrer, and if the paper subsequently filed as an amendment cannot be considered as such, the demurrer was properly sustained. By the ancient rules it was material that every pleading should have a formal commencement and conclusion, and contain an averment of time and place to every traversable fact, and be certain and single, but by statute these requisites have become mere form, and can only be reached by special demurrer. If this amendment were inserted in some portions of the declaration it would not be certain, but would on the contrary tend to obscurity and confusion, and would render it manifestly obnoxious

to a special demurrer. And one of the rules requires that each pleading must be taken most strongly against the pleader. If tested by this rule the amendment cannot aid the original. The party must present his case, and not leave it to the court to put his pleadings together, or determine where his amendments should or should not be inserted. The plaintiff should, by letters, figures or characters, of some description, have indicated the precise place where it was designed to be inserted. This he failed to do, and for that reason it could not be considered as part of the declaration.

The question is then presented, whether the declaration, as it was originally filed, was good. The agreement upon which suit was instituted, bound the plaintiff as follows, viz.: "And the said party of the first part, further covenants and agrees with the said party of the second part, that upon the faithful performance by the party of the second part of their undertaking in this behalf, and of the payment of principal and interest of the sum above mentioned, in the manner specified, he, the said party of the first part, shall and will, without delay, well and faithfully execute, acknowledge, and deliver in person or by attorney duly authorized, to the party of the second part, their heirs or assigns, a deed of conveyance of all their right, title and interest of the party of the first part, of, in and to the above described premises, with their appurtenances, with covenants of warranty against any act or thing done or suffered by the party of the first part." If this covenant was independent, and did not require the plaintiff to perform, or offer to perform, his part of the agreement, after the expiration of the time agreed upon for performance, before he could place the defendants in default, then the declaration was sufficient, and the demurrer was improperly sustained.

The agreement was for the payment of the purchase money by installments, the last of which was to be made on the first day of January, 1856. By this contract it is manifest, that the parties intended the last payment, and the deed should have been made at the same time, and on the day the last payment fell due. And if so, these acts were mutual and dependent. And when the time arrived, neither party could require the other to proceed until he performed, or offered to perform, his part of the contract, nor was either party in default so as to release the other from his part of the agreement, until a tender was made. After the time had arrived for the payment of the last installment, and the execution of the deed, defendants could not maintain an action for a breach of the agreement, until they had tendered all the money which was due under the contract and demanded a deed, nor could the plaintiff recover the balance

of the purchase money, then remaining unpaid, until he had first tendered a deed, of the character described in the agreement, and demanded payment. This declaration fails to aver a tender, but only avers a readiness and willingness to tender a deed at all times. For the want of such an averment, the declaration was substantially defective, and the demurrer was properly sustained. The judgment of the court below must, therefore, be affirmed.

*Judgment affirmed.*